UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CNC SOFTWARE INC., a Connecticut corporation,<br><br>         Plaintiff,<br><br>v.<br><br>Q&V MACHINES, LLC, a California limited liability company; VU TRAN, an individual; ANDY LIEU, an individual; AND DOES 1-10,<br><br>         Defendants. | Case No.: 21-cv-00866-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Stipulation to Set Aside Entry of Default and Default Judgment Against Defendants Q&V Machines, LLC ("Q&V Machines") and Andy Lieu. (ECF No. 16).

  On May 4, 2021, Plaintiff CNC Software Inc. initiated this action by filing a Complaint. (ECF No. 1). On August 31, 2021, the Clerk of the Court entered Default as to all Defendants. (ECF No. 9). On November 19, 2021, the Court granted Plaintiff's Motion for Default Judgment. (ECF No. 12). On February 3, 2022, the Court entered Judgment in favor of Plaintiffs and against all Defendants. (ECF No. 15).

On August 3, 2022, Plaintiff filed the Stipulation to Set Aside Entry of Default and Default Judgment Against Defendants Q&V Machines and Lieu. (ECF No. 16). The stipulation states that "the parties have entered into a settlement agreement in this matter." (*Id.* at 2). The stipulation requests that the Court set aside the entry of default and default judgment as to Defendants Q&V Machines and Lieu only.

Rule 55 of the Federal Rules of Civil Procedure states that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider[] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)) (alterations in original). The same standard, applied more strictly, "is used to determine whether a default judgment should be set aside under Rule 60(b)." *Id.* at 1091, 1091 n.1.

In this case, there is no risk of prejudice to Plaintiff, who has stipulated to setting aside the entry of default and default judgment. There is no evidence that Defendants Q&V Machines or Lieu engaged in culpable conduct that led to the default. *See id.* at 1092 ("to treat a failure to answer as culpable, the movant must have acted with bad faith …."). The third factor—whether Defendants have a meritorious defense—is not applicable to this case because the parties have entered into a settlement agreement. The Court finds that there is good cause to set aside the entry of default under Rule 55(c) and default judgment under Rule 60(b) as to Defendants Q&V Machines and Lieu.[1]

IT IS HEREBY ORDERED that the Entry of Default as to Defendants Q&V Machines, LCC and Andy Lieu (*see* ECF No. 9) is set aside.

---

[1] The Court does not set aside the entry of default or default judgment as to Defendant Vu Tran.

1  IT IS FURTHER ORDERED that the Default Judgment as to Defendants Q&V
2  Machines, LCC and Andy Lieu (*see* ECF No. 15) is set aside. The Clerk of the Court shall
3  reopen the case.

4  Dated: August 4, 2022

*[signature]*

Hon. William Q. Hayes
United States District Court